Approved: _____
SAMUEL L. RAYMOND
Assistant United States Attorney

Before:  THE HONORABLE PAUL E. DAVISON
         United States Magistrate Judge
         Southern District of New York

------------------------------------X
                                    :
UNITED STATES OF AMERICA            :    **SEALED COMPLAINT**
                                    :
     - v. -                         :    Violation of
                                    :    21 U.S.C. § 841
ANTHONY DELVECCHIO,                 :
                                    :
                                    :    COUNTY OF OFFENSE:
          Defendant.                :    WESTCHESTER
                                    :
------------------------------------X    19mj717

SOUTHERN DISTRICT OF NEW YORK, ss.:

KAREN ALTIERI, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE

(Narcotics Sales)

1. From at least in or about June 2015 to in or about April 2016, in the Southern District of New York and elsewhere, ANTHONY DELVECCHIO, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

2. The controlled substance that ANTHONY DELVECCHIO, the defendant, distributed and possessed with intent to distribute contained a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

3.   I am a Special Agent with the FBI and have been in that position since 2009. While with the FBI, I have participated in investigations involving the distribution of narcotics.

4.   I am familiar with the facts and circumstances set forth below from my participation in the investigation of this case, including my participation in interviews and my review of documents and records. Because this Complaint is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.   In or about 2015, I learned about a confidential informant ("CI-1") working with local law enforcement.[1]

6.   On ten occasions, CI-1 made controlled purchases of cocaine from ANTHONY DELVECCHIO, the defendant. I participated in many of these controlled purchases; for those in which I did not participate, I have spoken with law enforcement agents who did participate. On each occasion, CI-1 contacted numbers he knew belonged to DELVECCHIO to set up narcotics transactions in and around Westchester County; these contacts were later verified through toll records. On each occasion, CI-1 met with law enforcement agents. Law enforcement checked CI-1 for any contraband; after confirming he did not have any, law enforcement provided CI-1 with prerecorded buy money. Each time, CI-1 proceeded to the prearranged meeting location, in various locations in Westchester County. Law enforcement performed surveillance as CI-1 performed the controlled purchases; on each occasion, law enforcement officers saw an individual whose appearance matched that of DELVECCHIO, according to a mugshot photo from prior arrests, as he met with CI-1. CI-1 then returned to a location to meet with law enforcement and handed what he said he had purchased from DELVECCHIO; he was also searched for remaining contraband and none was found.

---

[1] CI-1 began cooperating with law enforcement in June 2015 after members of the Yonkers Police Department pulled him over in his car in possession of cocaine. Instead of booking him, he began working with law enforcement in the hopes of securing more lenient treatment. He was ultimately not arrested or formally charged.

2

a. On at least one occasion, CI-1 recorded the controlled purchase, and I have reviewed a report, written by a Yonkers Police Department detective ("Detective-1"), describing that purchase. Specifically, on or about April 14, 2016, Detective-1 and another detective with the Yonkers Police Department met with CI-1, who had already contacted DELVECCHIO to arrange a purchase of narcotics in Yonkers; the contact was later verified by toll records. The detectives searched CI-1 and his vehicle for contraband; none was found. One of the detectives provided CI-1 with $120 in prerecorded buy money, and provided him with an audio recorder. CI-1 drove to the predetermined meet spot, followed by the detectives. The detectives observed a car believed to be driven by DELVECCHIO park next to CI-1's vehicle, and saw a man whose appearance matched that of a mugshot of DELVECCHIO motion for CI-1 to enter his car. CI-1 exited his vehicle and entered the front passenger seat of DELVECCHIO's car; CI-1 exited about 45 seconds later and reentered his car. CI-1 then drove away to a pre-arranged meeting spot, where he handed the detectives a substance he said he bought from DELVECCHIO. The detectives checked CI-1 for the presence of other contraband, and found none. The substance CI-1 handed over later tested positive for approximately 2 grams of powder cocaine.

b. CI-1 made controlled purchases on or about June 6, 2015, June 12, 2015, June 19, 2015, June 26, 2015, August 13, 2015, August 21, 2015, September 24, 2015, October 27, 2015, February 25, 2016, and April 14, 2016. In total, CI-1 purchased 16 grams of powder cocaine for $960 in pre-recorded buy money.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ANTHONY DELVECCHIO, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
KAREN ALTIERI
Special Agent
Federal Bureau of Investigation

Sworn to before me this
18 day of JANUARY, 2019

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4